# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLADIMIR ASCENCIO-AGUILAR, | Case No. 1:26-cv-01416-KES-EPG-HC |
| Petitioners, | ORDER GRANTING MOTION TO APPOINT COUNSEL |
| v. | (ECF No. 2) |
| WARDEN OF THE MESA VERDE DETENTION CENTER, et al., | ORDER APPOINTING COUNSEL FOR PETITIONER |
| Respondents. | ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |
| | ORDER DIRECTING PARTIES TO FILE JOINT STATEMENT |

Petitioner is an immigration detainee proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has moved for appointment of counsel. (ECF No. 2.)

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light

1

of the complexity of the legal issues involved." <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).

The petition raises a prolonged detention due process claim. (ECF 1 at 6–17.) After the Court's preliminary review of the petition, the Court construed the petition as also challenging the statutory authority for Petitioner's detention. (ECF No. 5 at 1.) On March 6, 2026, Respondents filed a response to the petition, stating that "[u]nlike other cases decided by the Court where the Court has granted habeas relief, Petitioner has a final order of removal (reinstated). That removal order subjects him to mandatory detention in accordance with 8 U.S.C. 1231." (ECF No. 10 at 1.)

The Court finds that the interests of justice would be served by the appointment of counsel given the complexity of the legal issues involved.

Accordingly, IT IS HEREBY ORDERED that:

1.   The motion to appoint counsel (ECF No. 2) is GRANTED;

2.   Counsel is APPOINTED for Petitioner;

3.   The Clerk of the Court shall serve a copy of this order and a copy of the petition, via email, on the Federal Defender's Office at cae_appointments_habeas@fd.org;

4.   Within seven (7) days of the date of service of this order, the Federal Defender, as appointing authority for the Eastern District of California, SHALL identify counsel and send counsel's contact information to undersigned's courtroom deputy Felicia Navarro at FNavarro@caed.uscourts.gov, and counsel will be added as counsel for Petitioner;

5.   Such appointment, as necessary, will be *pro hac vice* to the CJA Panel and to this District in this matter only;

6.   This appointment will be *nunc pro tunc* to the Federal Defender contacting counsel about this appointment on a date given to the courtroom deputy; and

///

///

///

///

2

7.  Within fourteen (14) days of the date of service of this order, the parties shall file a joint statement regarding case management and a proposed briefing schedule.

IT IS SO ORDERED.

Dated:    **March 11, 2026**                    /s/ *Erica P. Grosjean*
                                    UNITED STATES MAGISTRATE JUDGE

3