UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLADIMIR ASCENCIO-AGUILAR,<br>Petitioner,<br>v.<br>WARDEN OF THE MESA VERDE DETENTION CENTER, et al.,<br>Respondents. | No. 1:26-cv-01416-KES-EPG (HC)<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND GRANTING RESPONDENTS' MOTION TO DISSOLVE NO-TRANSFER ORDER<br>Docs. 1, 4, 17, 19 |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 6, 2026, the assigned magistrate judge issued findings and recommendations that recommended denying the petition and granting respondents' motion to dissolve the no-transfer order. Doc. 19. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service. On May 18, 2026, petitioner filed timely objections. Doc. 20.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including petitioner's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis. In his objections, petitioner argues that the "magistrate judge's findings and recommendations should be rejected in

part because they operate under the mistaken belief that time to appeal expired without having appealed." Doc. 20 at 3. Petitioner asserts that he "has sought review of the lack of credible fear determination" and "seeks further judicial review of this determination through his immigration attorney." *Id.* at 3, 2. But petitioner has not provided any support for his assertion that he has a pending appeal and has not rebutted respondents' arguments that the time for petitioner to appeal has lapsed. Petitioner also objects to the findings and recommendations on the basis that his removal is not reasonably foreseeable and that respondents have not identified a third country that can receive him. But respondents have indicated that they intend to remove petitioner to his native country, *see* Doc. 17 at 1, and indicate that he will be removed once the no-transfer order is lifted, *see id.* at 1–2. On this record, petitioner has failed to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

The Court ORDERS:

1. The findings and recommendations issued on May 6, 2026, Doc. 19, are ADOPTED in full.
2. The petition for writ of habeas corpus, Doc. 1, is DENIED, without prejudice.
3. Respondents' motion to dissolve no-transfer order, Doc. 17, is GRANTED.
4. The no-transfer order, Doc. 4, is VACATED.
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: August 20, 2026

UNITED STATES DISTRICT JUDGE